**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARISSA EDWARDS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-470-G |
| | ) |
| AUTOMAX HYUNDAI, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

On April 25, 2025, Plaintiff Carissa Edwards filed a pro se Complaint (Doc. No. 1), raising claims of fraud, misrepresentation, and violation of consumer protection laws against Defendant Automax Hyundai. Now before the Court is a Motion to Dismiss (Doc. No. 10) filed by Defendant.

### I.    *Defendant's Motion to Strike*

Plaintiff filed a timely Response (Doc. No. 12) to the Motion to Dismiss, and Defendant replied (Doc. No. 14). Plaintiff then filed a Second Response (Doc. No. 15).

Defendant has moved to strike Plaintiff's Second Response, arguing that the filing is an unauthorized attempt to amend the operative pleading. *See* Def.'s Mot. to Strike (Doc. No. 17) at 1-2. Plaintiff objects that she submitted the filing in good faith and that Defendant has shown no prejudice. *See* Pl.'s Resp. to Mot. to Strike (Doc. No. 18); *see also* Def.'s Reply in Support of Mot. to Strike (Doc. No. 19).

Having considered the parties' arguments and Plaintiff's pro se status, the Court declines to strike the Second Response and will consider the filing along with the rest of the relevant briefing. Defendant's Motion to Strike (Doc. No. 17) is DENIED.

## II.    *Defendant's Motion to Dismiss*

Defendant seeks dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Def.'s Mot. to Dismiss at 1-3, 5-6. Alternatively, Defendant argues that Plaintiff must submit her claims to arbitration as a "condition precedent" to seeking relief in this Court. *Id.* at 4-5.

### A. *Federal Rule of Civil Procedure 12(b)(1)*

Based upon the pleading allegations, Defendant asserts that the Court lacks subject-matter jurisdiction and, therefore, this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Def.'s Mot. to Dismiss at 2-3; Fed. R. Civ. P. 12(b)(1). "A facial attack on the complaint's allegations regarding subject matter jurisdiction questions the complaint's sufficiency and requires the court to accept the allegations as true." *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009). As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

The Complaint identifies the "Magnuson-Moss Warranty Act," "GLBA," "FRCA", and "TILA" as the basis for the Court's federal-question jurisdiction under 28 U.S.C. §

2

1331. Compl. at 3.[1]  Defendant does not dispute that these federal statutes provide a private right of action but argues that Plaintiff has failed to allege sufficient facts to show the statutes apply.  Def.'s Mot. to Dismiss at 3.  The Court disagrees.

Plaintiff alleges that she purchased a car from Defendant that "was falsely represented as new" but was actually "a dealership loaner car."  Compl. at 4.  Plaintiff also alleges that Defendant violated federal privacy laws "by disclosing [Plaintiff's] credit & personal information to a third party without [Plaintiff's] permission."  *Id.* at 5.  And an exhibit to the pleading provides numerous details of this allegedly fraudulent sale, including the date, purchase price and terms, and various agreements made between the parties.  *See id.* Ex. 1 (Doc. No. 1-1).  While minimal, Plaintiff's well-pleaded allegations are sufficient "to show that the case is one arising under federal law."  *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986); *see* 28 U.S.C. § 1331; *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Whether the allegations state a plausible claim for relief under such federal law is a separate matter governed by Rule 12(b)(6).

### B.  Defendant's Request to Compel Arbitration

Defendant argues that if Plaintiff's claims are not dismissed, this dispute should be referred to arbitration pursuant to an arbitration clause in the sales contract between the

---

[1] The accompanying Civil Cover Sheet cites: 15 U.S.C. §§ 1601-1667 (the Truth in Lending Act or "TILA"); 15 U.S.C. §§ 1681 et seq. (the Fair Credit Reporting Act or "FRCA"); 15 U.S.C. §§ 2301-2312 (the Magnuson-Moss Warranty Act); 15 U.S.C. §§ 6801-6809 and §§ 6821-6827 (the Gramm-Leach-Bliley Act or "GLBA").  Doc. No. 1-2, at 1.

parties.  *See* Def.'s Mot. to Dismiss at 4-5; Arb. Clause, Compl. Ex. 1, at 3.  Plaintiff asks

that instead her legal claims be allowed to proceed.  *See* Pl.'s Second Response at 2.

The Arbitration Clause provides:

> This sale and any financing contract or agreement executed by Buyer in conjunction with the sale of the described vehicle in the event of any dispute between Buyers and Seller regarding the sale or related matters, shall be subject to mandatory arbitration.  Seller and Buyer agree to use the Better Business Bureau or the Oklahoma Mediation/Arbitration Service for binding arbitration to resolve any dispute or claim which might arise under or out of this contract pursuant to Title 12 O.S. § 1801 et seq.  Any decision of the arbitration panel will be final and binding upon Buyer and Seller and may be enforced through District Court.

Arb. Clause at 3.  The Arbitration Clause was "[a]knowledged and approved by" Plaintiff

and a representative for Defendant.  *Id.*

"[T]he first task of a court asked to compel arbitration of a dispute is to determine

whether the parties agreed to arbitrate that dispute."  *Mitsubishi Motors Corp. v. Soler

Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).[2]  Plaintiff does not, in either Response,

argue that her claims would not be covered by the Arbitration Clause, and the Court finds

that Plaintiff's challenge to the "sale or related matters" falls within the scope of this

provision.  Arb. Clause at 3; *see* Compl. at 4-5; *see also Brown v. Coleman Co.*, 220 F.3d

1180, 1184 (10th Cir. 2000) ("When a contract contains a broad arbitration clause, matters

that touch the underlying contract should be arbitrated.").

---

[2] "When it's apparent . . . that no material disputes of fact exist it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration."  *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014).

Next, the Court must "determine[s] if the agreement provides [Defendant] with the right to compel arbitration." *Parisi v. Okla. Windows & Doors, LLC*, 717 F. Supp. 3d 1100, 1104 (W.D. Okla. 2024) (citing *Cavlovic v. J.C. Penney Corp.*, 884 F.3d 1051, 1057 (10th Cir. 2018)). Plaintiff argues that "arbitration cannot be enforced where the entire contract was induced by fraud," citing "Williams v. Lee Way Motor Freight, Inc., 688 P.2d 1294 (Okla. 1984)." Pl.'s Second Resp. at 2. The decision cited does not discuss either arbitration or fraud in the inducement, however. Pro se as well as counseled litigants have "the responsibility to ensure that citations to legal authority . . . point to real cases that at least arguably stand for the propositions for which they are cited." *Dodds v. Bridges*, No. 25-7021, 2026 WL 380194, at *6 (10th Cir. Feb. 11, 2026).

Even assuming Plaintiff could show that she was fraudulently induced into signing the sales contract, a challenge to the enforceability of an entire contract—as opposed to a challenge to the arbitration provision alone—"is an issue for the arbitrator, not the district court." *In re Cox Enters., Inc. Set-top Cable Tel. Box Antitrust Litig.*, 835 F.3d 1195, 1209 (10th Cir. 2016). As explained by the Tenth Circuit,

> Under the [Federal Arbitration Act], unless the arbitration provision states otherwise, the question of the enforceability of a contract as a whole is a matter for the arbitrator. Only if an enforceability argument applies only specifically to the arbitration provision (such as a claim that the provision is unconscionable or that a party was defrauded into agreeing to the arbitration provision) is enforceability to be decided by the court.

*Id.*

Because Plaintiff's attack on the validity of the sales contract is "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause," this

dispute "must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006); *accord Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402-06 (1967).  Therefore, the Court "must treat [the Arbitration Clause] as valid . . . , and must enforce it . . . , leaving any challenge to the validity of the [sales contract] as a whole for the arbitrator." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010).

Based on the record before the Court, the Court finds that Defendant is entitled to a stay of this case pending Plaintiff's pursuit of her claims in an appropriate arbitral forum.[3]

CONCLUSION

As outlined above, Defendant's Motion to Dismiss (Doc. No. 10) is DENIED IN PART and GRANTED IN PART.  Based upon the directive of 9 U.S.C. § 3, this action is stayed pending the completion of arbitration of all claims brought by Plaintiff Carissa Edwards against Defendant Automax Hyundai.  By separate order, this case shall be administratively closed while the stay remains in effect.

Plaintiff's Motion to Strike (Doc. No. 17) is DENIED.  Plaintiff's Motion to Expedite (Doc. No. 20) is DENIED AS MOOT.

IT IS SO ORDERED this 1st day of June, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

---

[3] Plaintiff states that "Defendant has declined to participate in arbitration" but does not provide further detail.  Pl.'s Second Resp. at 2.  The Court expects that Defendant, having identified arbitration as a necessary precondition to litigation, will participate in the proceedings in good faith.